IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) No. 05-cr-40028-002-JPG |
| LAURA BERBER, | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Laura Berber's *pro se* motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 191). The Court appointed counsel for Berber, and counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of the defendant's request (Doc. 205). *See Anders v. California*, 386 U.S. 738, 744 (1967). The government has responded to the motions (Doc. 208). Berber failed to respond to counsel's motion although she was given an opportunity to do so.

Berber pled guilty to one count of conspiring to distribute crack cocaine, powder cocaine and methamphetamine, one count of possessing with intent to distribute crack cocaine and one count of possessing with intent to distribute methamphetamine. At sentencing, the Court found by a preponderance of the evidence that Berber's crack cocaine relevant conduct was 6 kilograms. In combination with relevant conduct attributable to other drugs, her total relevant conduct was at least 30,000 kilograms of marihuana equivalency units, which under United States Sentencing Guideline Manual[1] ("U.S.S.G.") § 2D1.1 yielded a base offense level of 38. Her offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and was reduced by

---

[1] Unless otherwise noted, the references to the guidelines in this order are to the 2004 United States Sentencing Guidelines Manual.

three points under U.S.S.G. § 3E1.1 for acceptance of responsibility for a total offense level of 37. Considering Berber's criminal history category of I, this yielded a sentencing range of 210 to 262 months in prison. The Court imposed a sentence of 210 months for each count, less than the statutory maximum sentence established by Berber's convictions. *See* 21 U.S.C. § 841(b)(1)(A). Berber now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, No. 08-9042, 77 U.S.L.W. 3558 (U.S. Apr. 6, 2009).

Berber cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. Amendment 715, effective May 1, 2008, further amended the commentary to U.S.S.G. § 2D1.1 by revising the manner in which offense levels are

determined in cases involving crack cocaine in combination with other controlled substances. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose relevant conduct was 4.5 kilograms or more of crack cocaine. *See Forman*, 553 F.3d at 590 (stating that the amendment "affects only defendants who are responsible for distributing fewer than 4.5 kilograms of crack cocaine"). Berber was sentence based on relevant conduct that included six kilograms of crack cocaine. Under the old and amended guidelines this relevant conduct warranted a base offense level of 38. Thus, the amendment did not lower her guideline range, and she cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Berber cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider her reduction request. *See Forman*, 553 F.3d at 588; *Lawrence*, 535 F.3d at 637-38. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 205) and **DISMISSES** Berber's motion for a sentence reduction (Doc. 191) for **lack of jurisdiction**. The Clerk of the U.S. District Court is hereby **DIRECTED** to mail a copy of this order to Defendant Laura Berber, #06686-025, FMC Carswell, P.O. Box 27137, Ft. Worth, TX 76127.

**IT IS SO ORDERED.**
**Dated this 20th day of May, 2009.**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **U.S. DISTRICT JUDGE**