IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
|       Plaintiff, | |
|       vs. | Case No. 05-cr-40028-JPG |
| LAURA BERBER, | |
|       Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court for consideration of defendant Laura Berber's prospects for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 2D1.1. The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis. Counsel has moved to withdraw on the basis that she can make no non-frivolous arguments in support of a request for reduction (Doc. 273). *See Anders v. California*, 386 U.S. 738, 744 (1967). Neither the defendant nor the government has responded to counsel's motion, although they were given an opportunity to do so.

On August 11, 2005, Berber pled guilty to one count of conspiring to distribute crack cocaine, powder cocaine and methamphetamine, one count of possessing with intent to distribute crack cocaine and one count of possessing with intent to distribute methamphetamine (Doc. 38). Using the 2004 Sentencing Guidelines Manual, Berber's base offense level was calculated by converting all drugs to their marijuana equivalents ("MEU"). U.S.S.G. § 2D1.1 cmt. n.10 (2004). Her relevant conduct was 172,963 kilograms of MEU, resulting in an offense level of 38. Her offense level was increased by two points under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon and was reduced by three points under U.S.S.G. § 3E1.1 for acceptance

of responsibility for a total offense level of 37.  Considering Berber's criminal history category of I, this yielded a sentencing range of 210-262 months in prison.  On November 18, 2005, the Court imposed a sentence of 210 months for each count (Docs. 75 & 76).

Berber wants the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence pursuant to 18 U.S.C. § 3582(c).  Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine.  The relevant parts of Amendment 750 are retroactive.  *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request.  *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

The Court does not have subject matter jurisdiction to consider a reduction request for Berber because she cannot satisfy the first criterion.  Berber was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

2

Commission." 18 U.S.C. § 3582(c). Under the 2011 Sentencing Guidelines Manual, which implemented Amendment 750, Berber's combined relevant conduct converts to 73,389 kilograms of MEU. Based on this amount, Berber falls into the range of more than 30,000 kilograms of marijuana, yielding an offense level of 38 under the 2011 Sentencing Guidelines Manual. Adding two levels for possession of a dangerous weapon and subtracting three levels for acceptance of responsibility, Berber's total offense level under the 2011 Sentencing Guidelines Manual would be 37. Combined with a criminal history category of I, Berber's sentencing range would be still be 210-262 months, the same as her original guideline sentencing range. Thus, Berber's sentencing range has not been lowered by the Sentencing Commission.

Because Berber cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider a reduction request. *See Lawrence*, 535 F.3d at 637-38; *Forman*, 553 F.3d at 588. The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 273) and **ORDERS** that counsel is **WITHDRAWN** from this case.

**IT IS SO ORDERED.**
**DATED: April 14, 2014**

                                                      s/J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **DISTRICT JUDGE**